(32 Misc. Rep. 624.)

### In re VILLAGE OF SAG HARBOR.

(Suffolk County Court. October, 1900.)

1. MUNICIPALITIES—REINCORPORATION—ELECTION—QUALIFICATIONS.
   Laws 1897, c. 414, art. 12, authorizing elections on the question of reincorporation of a village, not stating the qualifications of a voter at such election, legal voters of the village under its former incorporation will be qualified to vote thereat.

2. SAME—ASSESSMENT LIST—CHALLENGE OF VOTER.
   Sag Harbor Charter (Laws 1861, c. 312) § 46, provides that, if any person offering to vote at any town meeting shall be challenged as unqualified, the chairman shall require him to declare that he is an actual resident, and owns property worth $100 liable to be taxed, and is qualified to vote as a taxable inhabitant. *Held*, that in a proceeding to review the election the assessment list of the village is not competent to show that a voter was not qualified, as not being taxable, but the court will assume that all votes cast without challenge were legal.

3. SAME—APPEAL.
   Laws 1897, c. 414, art. 12, authorizing elections on the question of reincorporation of a village, giving no right of appeal to the county court from the certificate filed pursuant to the act, the election can be reviewed only as other elections are reviewed, and not as prescribed for the review of an election on the first incorporation of the village, there being no resemblance between the provisions for original incorporation and those for reincorporation.

Appeal from certificate of reincorporation under the village law. Matter of reincorporation of the village of Sag Harbor. Appeal from a certificate that the proposition for reincorporation under the village law was carried. Appeal dismissed.

Henry H. Chatfield and George C. Raynor, for appellants.
Theodore D. Dimon, for respondent.

REEVE, J. On July 27, 1900, a special election was held in the village of Sag Harbor, N. Y., upon the question of reincorporation under the general village law, the proposition receiving a majority of 58. The said village had been previously incorporated by a special charter (Laws 1861, c. 312) passed April 18, 1861, by the legislature of this state. A certificate to the effect that the proposition for reincorporation was carried in the affirmative was filed with the

village clerk, in pursuance of section 302 of the village law. From this certificate an appeal has been taken to the county court, the appellants claiming that this proceeding is the proper one to review the election, under sections 15, 16, and 17 of chapter 414 of the Laws of 1897, known as the "Village Law." The election was held in pursuance of article 12, §§ 300–304, inclusive, of said village law. The respondents have moved to dismiss the appeal on the ground that it is not warranted by article 12 of said law, and that this court has not acquired jurisdiction. Three material questions appear in this case which this court should pass upon: First. As it is claimed that from 149 to 152 illegal votes were cast, the question is asked, "What constituted a legal voter at said election?" Second. Were enough illegal votes cast to justify the setting aside of said election? And, third, no matter which way the above questions are decided, has this court jurisdiction in this appeal?

Article 12 of said village law in no way states what shall constitute a voter at an election held for reincorporation. As the village of Sag Harbor is already incorporated under the special charter above referred to, this court is of the opinion that legal voters of said village are those who would have a right to vote under said charter. Section 3 of the charter designates said voters as the "inhabitants of said village entitled by law to vote at any general election in this state." This applies to the election of village officers. Section 46 of said charter, in defining those persons who have a right to vote on the proposition of raising money, says:

"If any person offering to vote on a motion or resolution authorizing the raising of any tax at any annual or special meeting of the inhabitants of said village, shall be challenged as unqualified, by any legal voter, the chairman presiding at such meeting shall require the person so offering to vote, to make the following declaration: 'I do declare and affirm that I am an actual resident of the village of Sag Harbor, that I own property worth at least one hundred dollars liable to be assessed for taxes therein, and that I am qualified to vote as a taxable inhabitant of said village.' Every person making such declaration shall be permitted to vote on any question authorizing the raising of any tax, at such meeting; but if any person shall refuse to make such declaration, his vote shall be rejected, and every person who shall willfully make a false declaration of his right so to vote, upon being challenged as herein provided, shall be deemed guilty of a misdemeanor."

It will be seen by this that if a person shall be challenged as "unqualified" every person who will swear that he owns property worth at least $100 likely to be assessed for taxes in said village, and who is an actual resident of said village, is entitled to vote on a money proposition. Therefore, if we narrow the qualifications of a voter down, under said charter, to the limit under this section, it is the opinion of this court that any person owning property worth at least $100, who is challenged, and who would take the above oath, would be entitled to vote in said village upon this proposition of reincorporation. The poll list used at the election for reincorporation shows that only three challenges were made, and we are governed by that, no matter what the outside talk may be. The assessment list of the village of Sag Harbor has not been put in evidence, but the assessment lists of the towns of Easthampton and Southampton for 1899 have. These, however, should not be taken into consideration in

defining a legal voter at said election. It is not a question whether a voter's name or his property was on said last assessment list in either village or town assessment. The question is, was the voter a legally qualified voter? and this court is of the opinion that the village charter settles that. As only three of the alleged illegal voters were challenged, this court must assume that the other voters were legal, and that their votes must be counted. There is no proof, or even suggestion, as to whether said voters voted for or against the proposition to reincorporate. Therefore, it does not appear that they may not have voted in the negative with the minority at all, and there is no proof that all but three of these alleged illegal voters did not have the necessary proper qualifications, if the challenge had been made, and the oath put to them. It is but reasonable to assume that a voter in an already incorporated village should be allowed to vote on a change in the municipal government under his old form of government. It is fair to presume that he enjoyed advantages or suffered disabilities that he would not under a new form of government, and, consequently, it would be only just that a voter qualified to vote in such a village should have the right to express his choice of the form of government. It may be true, from the proof offered, that there were a few votes cast by persons who were disqualified; but the proof does not show that there were enough of them, even if they had all been cast in favor of reincorporation, to have affected the result. This court is therefore of the opinion that said election on the question of reincorporation was a legal one, and that the record does not show that enough, if any, illegal votes were cast to have affected the result.

Returning to the question of jurisdiction, this court is of the opinion that an appeal to the county court was not warranted by article 12 of the village law, and that this court has not acquired jurisdiction. Said article gives no such right of appeal, and this election can only be reviewed as other elections are reviewed. The appellants seem to have taken it for granted that an election on the question of reincorporation can and must be reviewed in the manner prescribed for the review of an election upon the first incorporation of a village. A sufficient answer to this proposition is that article 12 does not prescribe that mode of review, and provides for no appeal whatever in proceedings for reincorporation. An analysis of article 1 and article 12 of the village law shows no resemblance between the proceedings for incorporation and those for reincorporation. Section 300 does not provide for an appeal from the order of the board of trustees that an election be held. Section 6, on the other hand, does provide for an appeal from a similar order by the supervisor. Section 301 directs that notice of election be posted only in five places, and it need only be advertised once. Section 10 directs the notice of election to be posted in ten places, and to be published at least twice in the newspapers published in the territory. Section 302 directs the certificate of election to be filed within 24 hours. Section 14, on the other hand, directs such certificate to be filed within three days. Section 22 provides as to a new election that after 10 or within 15 days from the filing of the certificate of election, if

no appeal has been taken, or within 15 days after the filing of the decision sustaining the election, the town clerk with whom such certificate is filed shall deliver a certified copy thereof to the secretary of state and to the county clerk, etc. Section 302, on the other hand, directs such filing to be within 10 days after the election. The court also takes due notice that no provision is made under article 12 as to the time, in case an appeal is taken, and that, in fact, noth‚ ing about an appeal is said. The county court is a court of limited jurisdiction, and in a matter of this kind can certainly have no jurisdiction unless it is specifically given it by statute. This court therefore decides that it has no jurisdiction in this appeal whatever. The appeal is, therefore, dismissed upon all the reasons set forth in the above decision, and an order to that effect may be entered.

Appeal dismissed.